### MARINE & CONTRACTORS' SUPPLY CO v. PALTROWITZ.

(Supreme Court, Appellate Term, First Department. January 9, 1913.)

PLEADING (§ 345*)—ANSWER—DENIALS—SUFFICIENCY.

 In an action on an account stated and for breach of contract, an answer admitting plaintiff's incorporation, and denying each and every other allegation in the complaint, was sufficient to require the plaintiff to prove his cause of action; and hence judgment for plaintiff on the pleadings was improperly granted.

 [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1055–1059; Dec. Dig. § 345.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Marine & Contractors' Supply Company against Harry Paltrowitz. From a judgment for plaintiff, after a trial by the court without a jury, defendant appeals. Reversed, and new trial ordered.

Argued December term, 1912, before SEABURY, GUY, and GERARD, JJ.

Isidore Siegeltuch, of New York City, for appellant.

Slade, Slade & Slade, of New York City (Maxwell Slade and David Slade, both of New Haven, Conn., of counsel), for respondent.

GERARD, J. The complaint alleges two causes of action: First, that plaintiff and defendant were joint owners of a building, that defendant as joint owner collected certain rents from the tenants, that plaintiff was entitled to one-half the rents, that an account was stated between plaintiff and defendant, and that it was found that the defendant was indebted to plaintiff in a stated sum. The second cause of action sets forth the joint ownership and alleges that the defendant

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

collected certain other rents, to one-half of which plaintiff was entitled, and that defendant promised to pay such one half.

The first defense of the answer, after an allowance of an amendment by the court, admitted the incorporation of plaintiff and denied "each and every other allegation in the complaint contained." Of course, this put the plaintiff to its proof to make out its cause of action, and it was therefore error for the learned court below to grant judgment for plaintiff on the pleadings.

Judgment and order reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.